WILLIAM BETTENGA, Appellant, v. DR. R. A. STEWART,
Superintendent of State Hospital for
Insane, Appellee.

No. 41355.

SEPTEMBER 20, 1932.

Geo. C. Claassen, for appellant.

Paul Smith, for appellee.

ALBERT, J.—The plaintiff, appellant, is an inmate of the State Hospital for the Insane at Independence, Iowa, and the defendant is the superintendent of said institution. Plaintiff's claim is that since his confinement in that institution on or about

the 4th day of March, 1929, he has been restored to sanity, and is therefore entitled to his discharge. A writ was duly issued in pursuance of his petition by authority of the commissioners of insanity, and answer filed by the defendant in which it is alleged that he holds the custody of the plaintiff by reason of the writ issued by the district court of Grundy County, Iowa, on the 4th day of March, 1929. In pursuance of said writ the body of said plaintiff was produced in court and a hearing had on May 12, 1931, resulting in the quashing of the writ and the remanding of the plaintiff to the custody of the defendant.

The principal complaint is that under the record plaintiff has shown his restoration to sanity, and the court erred in not so finding. The record shows that on March 4, 1929, the plaintiff was informed against before the commissioners of insanity of Grundy County, Iowa. A hearing was regularly had, and said commissioners made a finding that the plaintiff was insane and a fit subject for custody and treatment in the hospital, and a warrant for such commitment was duly issued and the defendant confined in pursuance thereof. Later, about July 17, 1930, plaintiff instituted habeas corpus proceedings against the same defendant as superintendent of said hospital. A hearing was had thereon in the district court of Buchanan County, and the writ was discharged, and the plaintiff remanded to the custody of the superintendent of said Hospital for the Insane at Independence until further action. About the 7th day of May, 1931, the present proceedings in habeas corpus were instituted in the same district court, resulting as above stated.

The plaintiff having been legally declared insane by the commissioners of insanity of Grundy County and a fit subject for treatment at the hospital, such condition is presumed to continue and to exist at the time of the hearing of this matter in the district court, and establishes *prima facie* that he was insane at the time this proceeding was being heard, and the burden is upon him to show restoration to sanity by competent and sufficient evidence. We reviewed this question fully in the case of Hazen v. Donahoe, 208 Iowa 582. In default of such a showing of recovery of sanity by competent and sufficient evidence, the writ should be dismissed and the petition remanded.

Numerous witnesses were examined in the case, a number

of whom never saw the plaintiff after he was committed to the hospital on the 4th day of March, 1929. The real question before the court on this hearing was his mental condition in May, 1931. As suggested above, the plaintiff was confronted with the presumption that he was insane, and the burden of proof was upon him to show restoration to sanity on that date; hence much of the testimony (if admissible) from witnesses who never saw him after he was confined in the hospital under said commitment is of no weight in determining the real question involved herein. Several witnesses however testified that they visited the plaintiff while he was confined in the hospital and could see no indications of insanity. Three of the employees of the hospital testified that they saw the plaintiff frequently and saw no evidence of insanity, and some of them talked to the plaintiff on the day of the trial and say they were confirmed in their notion that the plaintiff was not insane on that date.

This testimony is met by the testimony of the defendant, the superintendent of said hospital, who testifies that the plaintiff is suffering from a form of insanity known as paranoia. He testified that when one has such mental affliction he does not recover; that it is probably the most dangerous type of insanity; that one afflicted with paranoia has persecutory delusions, but the mind is clear on all other subjects; that there has been no change in the condition of the plaintiff since he came to the hospital; that he has seen and talked with him many times and at different times has made examination, and the plaintiff was insane on the day of the trial. He testified further that a mental affliction of this kind is rarely perceptible to the layman, and sometimes it is a difficult proposition for a skilled psychiatrist to diagnose, but that in his opinion the plaintiff, on the date of the trial, was still suffering from paranoia, and there was no improvement in his mental condition since the date of his commitment. The least that can be said of the record at this point is that there is a square conflict between the lay witnesses and the defendant superintendent of the hospital. The district court had these witnesses all before him, and reached the conclusion that the writ should be discharged and the plaintiff returned to the custody of the defendant. With this conclusion we are disposed to agree. The plaintiff having the burden of showing that on the date of the hearing his mind had been re-

stored, we do not feel that he has sustained this burden, and, therefore, the district court was right in his conclusion.

No benefit would result to the plaintiff or to the profession by setting out the evidence in the case, and suffice to say we have read the same with the care which a case of this importance demands, and reach the conclusion that the action of the district court was correct.

Certain errors are assigned as to the admission or rejection of testimony. We have given attention to these, and while some of the objections were technically good, the evidence is not of that character which would warrant us in basing a reversal thereon. Other objections were properly sustained by the court, and equally so is the ruling correct in rejecting certain testimony. —Affirmed; writ discharged.

STEVENS, C. J., and FAVILLE, WAGNER, and DE GRAFF, JJ., concur.