C. W. BURGHARDT, Appellant, v. SCIOTO SIGN COMPANY, Appellee.

PLEADING: Motions—Erroneous Order for More Specific Statement
1 —Waiver. An attempt to comply with an erroneous order for a more specific statement works a waiver of the error in making the order.

PLEADING: Motions—Striking Necessary Allegation. It is error
2 to strike from one count a necessary allegation not otherwise supplied by the pleadings.

PLEADING: Motions—Surplusage—Alleging Writing to Be Libelous
3 ous Per Se. An allegation that an exhibited writing is libelous *per se* is surplusage.

PLEADING: Motions—Order For More Specific Statement—Compliance—Sufficiency. In an action for damages by reason of an
4, 8 pliance—Sufficiency. In an action for damages by reason of an alleged libel, amendment reviewed, and held to substantially comply with an order requiring plaintiff to state "in what manner" plaintiff was damaged.

PLEADING: Motions—Pleading Good in Part—Striking in Toto. 5, 7 It is error to strike *in toto* a pleading good in part.

PLEADING: Motions—Order For More Specific Statement—Compliance—Sufficiency. 6 An order requiring plaintiff, in an action for damages for libel, to set forth the names and addresses of people in Iowa to whom the alleged libel was sent, is not violated by an amendment which (a) sets forth the names and addresses of such Iowa residents, and (b) the names of others residing outside of Iowa.

PLEADING: Motions—Pleading Good in Part—Striking In Toto. 5, 7

PLEADING: Motions—Order For More Specific Statement—Compliance—Sufficiency. 4, 8

*Appeal from Linn District Court.*—Milo P. Smith, Judge.

Monday, February 19, 1917.

Appeal by the plaintiff from certain rulings concerning attacks made upon pleadings filed by plaintiff. It is not clear whether complaint is made of the rulings of Judge Ellison as well as those of Judge Smith.—*Reversed.*

*Dawley, Jordan & Dawley,* for appellant.

*Redmond & Stewart,* for appellee.

Salinger, J.—I. The parties are in conflict on whether certain of our decisions hold that all libel is libel *per se,* and that, in suit for such libel, it is not required that special damages be pleaded or proven. From this we gather that it is thought an important consideration whether rulings of court requiring the petition to be made more specific amounted to a holding that such special damages must be alleged, and whether that holding be correct or erroneous. Whether all libel is libel *per se,* and whether there be a requirement that in suit therefor special damages must be alleged, is not in this case. But if it be, and if the court had an incorrect view of that rule of plead-

1. PLEADING: motions: erroneous order for more specific statement: waiver.

ing, it is immaterial on the question of what may be done if an order to amend is not complied with. If the letter alleged to be libelous was not libelous, the rule of pleading that governs when a letter is libelous does not matter. If the letter was libelous *per se*, it was so before an amendment labeled it to be that, and was libelous *per se* at the time when whatever ruling was made, was made. We can assume that the court ordered an amendment because it believed that, in suits declaring upon libel *per se*, special damages must be pleaded—can further assume that this is an erroneous belief. If appellant desired to complain of that error, she should have stood upon the ruling and refused to plead further. One may not sit by when this order is made, attempt to comply with it, and, as against being disciplined for non-compliance, hark back and say the order should never have been made.

What we have said as to the claim for libel applies to the claim based on the same letter—that it is a violation of the anti-blacklisting statutes.

What we have said makes it unnecessary to consider the claim of appellee that at any rate the letter was open to construction on whether a plea of special damages was or was not required, and that we should not disturb the judgment of the court in electing between the two.

II.   There are several assignments complaining of error in sustaining motion for more specific statement in the petition. We cannot consider them. The plaintiff attempted to comply with these rulings by repleading. This waived any error there may have been in sustaining such motion (*Coakley v. McCarty*, 34 Iowa 105; *Kline v. Kansas City, St. J. & C. B. R. Co.*, 50 Iowa 656); and we said in *Heiman v. Felder*, 178 Iowa 740 (Division II):

"It is true that appellee nowhere mentions this waiver, and that no point is made upon it. But the law makes it

for him. In other words, because of having answered, appellant presents an error which is not reversible error."

2. PLEADING: motions: striking necessary allegation.

III. By order, of date July 6, 1914, the court struck out "the last sentence of Count 2." Not having the original pleading, we are in some doubt as to what "the last sentence" is. But we think it is an allegation that commissions sued for in this count have not been paid. This was stricken out on the ground that same "is a proper element of compensation set forth and plead in Count 1, and not a proper element of damages in Count 2, and, therefore, irrelevant, immaterial, redundant and surplus matter." If anything in Count 1 supplies the allegation stricken, striking it is harmless error. So we have the questions whether anything in Count 1 can or does supply what was stricken from Count 2, and whether, if Count 1 does not supply, it was error to strike from Count 2. Count 1 does have an averment that no part of what is claimed to be due by reason of the matter stated therein has been paid. Manifestly, it does not follow this claims that matters due on other counts have not been paid. Whether it does so for any other count depends upon whether that count claims what Count 1 does. Count 1 claims for commissions earned by plaintiff before her discharge, and asserts that there is $700 due. Count 2 is a claim for potential earnings, consisting of commissions she might have earned personally and from commissions upon the work of her subagents; and it seems to claim, in addition, that she was entitled to commissions from sales made by others than herself or her subagents, and that defendant had made large sales, the amount of which plaintiff is unable to state. It would seem to be clear that what is claimed in Count 1 differs radically from the claim made in Count 2. It would follow that, though there is an allegation in Count 1 that payment of what is due thereunder has not been made, this does not obviate the necessity of mak-

ing a like allegation concerning the matters claimed on in Count 2. It follows in turn that the allegation stricken from Count 2 was not only a proper but a necessary allegation to be made in that count, and that it was error to strike same therefrom.

3. PLEADING: motions: surplusage: alleging writing to be libelous per se.

IV. While a motion was already pending to strike Count 3 as then amended, the plaintiff amended once more by averring "that the letter set out contained statements that were libelous *per se.*" Thereafter, defendant filed another motion to strike, urging that the matter in quotation should be stricken "for the reason that it is a conclusion of law and of fact, and is incompetent, irrelevant, immaterial, redundant and surplus matter." The motion was rightly sustained. If the letter was libelous *per se,* the copy exhibited in the pleadings alleged that fact. If it was in truth not libelous *per se,* labeling it to be that by stating this conclusion adds nothing to the letter, and, clearly, it was incompetent and redundant and surplusage.

4. PLEADING: motions: order for more specific statement: compliance: sufficiency.

V. Original Count 3 alleged that the defendant, a corporation, had written and mailed to numerous individuals and companies, being members of the National Association of Advertising Novelty Manufacturers, some of them residing and doing business within the state of Iowa, and to others in each of the different states of the United States, a certain letter, which is then set out by copy. Plaintiff declares that the letter is false and libelous, and same has caused her damage, actual and exemplary, in $5,000.

On September 16, 1910, defendant attacked this pleading by a motion for more specific statement. It suffices that, on the 15th day of April, 1912, the court sustained this motion to the extent of requiring plaintiff: "(1) To set out, if she can, the names of individuals and companies, members of the National Association of Advertising Novel-

ty Manufacturers, residing and doing business in Iowa, to whom the letter referred to in the third count of the petition was mailed; (2) to state in what manner plaintiff was damaged by reason of the matters charged in the third count of the petition."

On March 20, 1914, plaintiff, in response to this ruling, amended Count 3 by adding to the same an allegation that defendant mailed the letter referred to in the original third count "to the following persons among others," and said letter was received by them. This is followed by the names of twelve partnerships and corporations, with their addresses, four in Iowa, one in New York City, one in Falconer, N. Y., three in Chicago, one in Milwaukee, and another in Princeton, Indiana. There is further allegation: (1) That she was damaged in her reputation and standing with the people who received said letters and among her acquaintances who heard of the same; (2) was damaged in her business and by loss of business caused by said letter, and the same rendered it more difficult for her to obtain business and a position; (3) and the intent and effect of said letter was to injure plaintiff's reputation and good standing. On April 4, 1914, an attack was made on this amendment. In so far as material here, it moved that all of this amendment be stricken "for the reason that the same does not comply with the order and ruling of the court aforesaid, made April 15, 1912, in that, on July 6, 1914, the court struck same for the reason only that: (1) It does not state specifically how the plaintiff was damaged, or in what amount or way, by reason of the letter; (2) nor what she claims by actual damages on account thereof."

We think the order of the court had been, in substance, complied with, and that striking the amendment was, therefore, error.

**5. PLEADING: motions: pleading good in part: striking *in toto*.**

VI. On September 16, 1914, defendant moved to strike out all of Count 3, as found in the original petition and the first and second amendments thereto. The reasons given are the recitals following: A motion for more specific statement in Count 3 of the original petition was sustained; defendant filed a motion to strike part and all of that count filed March 20, 1914, which motion to strike was based on the claim that this amendment did not comply with the ruling on the said motion for more specific statement, and that the motion to strike was "sustained in part and in its entirety as shown by the records."

Before a ruling on this motion was had, and on October 8, 1914, plaintiff filed an amendment to Count 3 by adding merely that the letter set out contains statements that were libelous *per se.*

On October 10, 1914, defendant filed a motion to strike the last amendment, setting out that the letter was libelous *per se,* and in this last motion to strike, assigned the following reasons: (1) There is a motion pending to strike the third count to which this last amendment purports to be an addition; (2) that Count 3 should be stricken, including this last and purported amendment; (3) that the last amendment itself should be stricken because it is a conclusion of law, not fact, and is incompetent, irrelevant, immaterial, redundant, and surplus matter.

On January 8, 1915, the motion filed September 16, 1914, and also the one filed on October 10, 1914, were both sustained. This operated to strike out Count 3 *in toto,* on the ground of failure to obey orders of court to amend the count. We have already found that plaintiff had amended as directed. It follows that it was error to strike Count 3 *in toto.*

VII.   Count 4 of the original petition

6. PLEADING: mo-
tions: order for
more specific
statement:
compliance; suf-
ficiency.
alleges that defendant is a corporation, and complains of the writing of the same letter which elsewhere is charged to be libelous; but this time because it is said to violate the provisions of our statute against "blacklisting."   Code Secs. 5027, 5028.   It alleges that copies of the letter were mailed by defendant and its officers and agents to numerous persons residing in the state of Iowa, and in many other states, and that she has been damaged in the sum of $1,000. She demands judgment for $3,000 treble damages, which said statute permits to be recovered.   On April 15, 1912, by sustaining one ground of a motion which attacked this count, it was ordered that plaintiff set out the names of the members of the National, etc., Association, to whom the letter was written and mailed, with the address of such parties as reside in Iowa.   On July 6, 1914, the court sustained a motion filed April 4, 1914, by which ruling the court struck out the names set out in this amendment. This ruling seems to be grounded on the claim that the amendment "does not set forth the names and addresses of the parties residing in Iowa."   It is not asserted that there was a failure to set forth all the parties residing in Iowa, and defendant, denying that there were such parties anywhere, would hardly claim that there were even more than plaintiff asserted.   Now, the amendment does set out the names of parties who have an Iowa address.   It gives four partnerships or corporations having Iowa addresses. True, it gives also eight others with addresses in other states. But, surely, to give parties residing outside of Iowa in addition to those residing in Iowa does not violate an order to set out the names of parties residing in Iowa, and their addresses therein.   We think the court erred in striking out the names set forth in the amendment.

**7. PLEADING: motions: pleading good in part: striking *in toto*.** VIII. On January 8, 1915, the court sustained a motion filed September 16, 1914, to strike all of Count 4, on the grounds, in effect: (1) That the last amendment to same refers to an amendment to Count 3, which amendment has been stricken; (2) because said amendment does not comply with rulings and orders of court theretofore made in reference thereto. When this motion was sustained, the original Count 4, plus amendments, averred that a violation of the blacklisting statutes had damaged defendant in a stated amount, and how the damage was worked. It was not a good reason for striking out the count as amended *in toto,* because there was a reference to some other pleading which had been stricken off. The most that could be done on such motion would be to strike out such reference.

**8. PLEADING: motions: order for more specific statement.** It may be conceded that, if an order to amend Count 4 was not complied with, both the abortive intent to comply and the original count might be stricken. But neither should be if the amendment did comply with the order. The order now in consideration was that there be pleaded "just how plaintiff was damaged." She responded by one amendment that she "was damaged thereby in her standing and reputation and in her ability to obtain business and employment, and said letter was written with the intent to produce such effect." In a second amendment, she stated that "she cannot set forth the particular details or items or instances in which she was damaged by the circulation of said letter." We think the court erred in holding that there had been a disobedience of the orders directing amendments to Count 4. We hold that the court erred in ruling that its orders were not complied with.

For the errors pointed out, the orders appealed from must be—*Reversed.*

GAYNOR, C. J., LADD and EVANS, JJ., concur.