Mrs. J. A. Lamp, Claimant, Appellant, v. Ed. Williams, Administrator; Appellee.

No. 43474.

July 31, 1936.

Rehearing Denied November 19, 1936.

Reid Hunt and Messer & Nolan for appellant.

M. C. Hamiel and Donnelly, Lynch, Anderson & Lynch, for appellee.

STIGER, J.—On November 7, 1934, plaintiff appellant filed a claim for services and supplies furnished the decedent, Cyrus Boone, in his lifetime against his estate in three counts.

The services and supplies were furnished by Mrs. J. A. Lamp and her husband J. A. Lamp who has assigned all his interest in the claim to his wife.

In count one claimant states that from May 1, 1926, to May, 1930, Cyrus Boone and his invalid wife, who lived in Tipton, Iowa, came to claimant's and her husband's home in Rochester, Iowa, and lived with them for about one-fourth of the aforesaid period of four years during which time the claimant furnished board, room, nursing and care for Mrs. Boone, groceries, wood, canned fruit, vegetables and laundry work; that during the remainder of said period and while Cyrus Boone and his wife were at their home in Tipton, Iowa, the claimant and her husband furnished them with groceries, wood, canned fruits, vegetables and did all the laundry work and took care of the Boone home.

Claimant further states that from May 1, 1930, to April, 1934, Mr. and Mrs. Boone stayed at claimant's home over one-half the time and the balance of the time Mr. and Mrs. Boone stayed at their home in Tipton, Iowa; that during this period claimant and her husband furnished the same services and supplies to Mr. and Mrs. Boone as during the period from May 1, 1926, to May 1, 1930; that all such services and supplies were furnished at the request of Cyrus Boone and the reasonable value thereof was $12,000.

Count one was incorporated in count two and count two further alleged that the services and supplies were supplied under an oral contract entered into prior to May 1, 1926, with Cyrus Boone, wherein in consideration of the supplies and services, Mr. Boone agreed to convey to the Lamps his property at the time of his death.

Count three incorporated count one by reference and alleges that on or about May 1, 1926, Mr. and Mrs. Lamp entered into an oral contract with Mr. Boone in which Boone agreed to make a will leaving all of his property to Mr. and Mrs. Lamp in consideration of the furnishing of the said services and supplies and in this count claimant asks for specific performance of the contract.

The defendant administrator, appellee, filed a motion to strike count two which was overruled.

Appellee's motion to strike count three because of misjoinder of causes of action and nonjoinder of necessary parties was sustained. Appellee's motion to make count one more specific was sustained generally and she was given ten days to amend her claim to conform to the ruling of the court.

The claimant amended her count one and filed an amended and substituted count three.

Appellee then moved to strike the amendment to count one and the original claim because the amendment did not comply with the ruling of the court requiring claimant to make count one more specific and also moved the court to strike amended and substituted count three because it was a mere repetition of counts one and two.

The trial court sustained the motion to strike the amendment to count one and the original claim and the motion to strike count three and denied and dismissed the original claim filed by Mrs. Lamp and her husband.

Appellant filed a timely application to the court under Code section 10801 to reconsider, set aside and expunge the said rulings and judgment of the court. This application was overruled and claimant appeals.

We will first consider the ruling and judgment of the court striking the amendment and the original claim and dismissing the claim of appellant.

Appellant did not appeal from the ruling of the court sustaining the motion for a more specific statement and striking count three.

█ █ █ In attempting to comply with the order of the court sustaining the motion for a more specific statement by filing her amendment, claimant waived all error in the order. Burghardt v. Scioto Sign Co., 179 Iowa 397, 161 N. W. 458. Whether or not the trial court was right or wrong in sustaining the motion for a more specific statement is not before us for review and must be accepted as the law of the case.

The question here is whether or not appellant in good faith substantially complied with the order requiring her to make count one more specific.

Code section 11562 provides that an action may be dismissed, and such dismissal shall be without prejudice to a future

action, (5) by the court, for disobedience by the party of an order concerning the pleadings or any proceeding in the action.

Mr. Boone died in 1934, and the time for filing claims against his estate has expired.

For an adequate understanding of the issue before us it is necessary to set out the motion for a more specific statement which is as follows:

"MOTION FOR MORE SPECIFIC STATEMENT.

"That the administrator further moves the court to require the claimant to make Count 1 of her claim more specific in the following particulars:

"1. Let her be required to state the exact periods of the time subsequent to May 1, 1926, when she alleges board and room were furnished to Cyrus Boone and wife, stating the date of the commencement and termination of each period of time when she alleges board and room were so furnished.

"2. Let the claimant be required to state the amount she alleges to be the reasonable value of the board and room alleged to have been furnished to Cyrus Boone and his wife.

"3. Let the claimant be required to state the exact period when she alleges she furnished 'nursing care for Mrs. Boone', stating the exact periods of time when such nursing care was furnished.

"4. Let the claimant be required to state what she alleges to be the reasonable value of the nursing care furnished for Mrs. Boone.

"5. Let the claimant be required to state as to the groceries she alleges she furnished, when the same were furnished, the quantities thereof, and the reasonable values thereof, stating the dates when each item of groceries was so furnished and the alleged reasonable value of each item.

"6. Let the claimant be required to state the dates when and the quantities of the wood she alleges to have furnished and the reasonable value of each quantity of wood she alleges to have been furnished.

"7. Let the claimant be required to state as to the canned fruits she alleges were furnished, the dates when and the quantities and the reasonable value of such fruits, stating the same as to each item thereof.

"8. Let the claimant be required to state as to the vege-

tables she claims were furnished, the particular items furnished, the dates when furnished, and the reasonable values thereof.

"9. As to the laundry work which the claimant alleges was furnished, let her be required to state when such work was furnished, the amount thereof, and the reasonable value of each item of such work.

"10. Let the claimant be required to state the exact periods when she alleges Cyrus Boone and his wife lived at the claimant's residence at Rochester, Iowa.

"11. Let the claimant be required to state what work she alleges she did in taking care of decedent's home, how much time was given to doing such work, and the periods when such work was done, stating specifically the beginning and termination of each period during which such work was done and the amount of time alleged to have been devoted to said work.

"12. Let the claimant be required to state the exact period she alleges, following May 1, 1930, the decedent stayed at claimant's home.

"13. Let the claimant be required to itemize and set out particularly the items and the alleged values thereof which she alleges aggregate $12,000.00, giving the dates when each of such items was furnished.

"14. The claimant further moves the court, in event the motion to strike Count II of said claim is overruled, to require the claimant to state specifically the date when and the place where it is alleged 'Cyrus Boone did orally agree to fully pay and compensate said claimant'.

"15. In event the motion to strike Count II is overruled, let the claimant be required to state who was present when the claimant alleges Cyrus Boone did make the oral agreement therein mentioned."

Appellant attempted to comply with the order and filed an amendment to count one which contains the following information.

During the eight years covered by the claim there were no definite periods of time that Mr. and Mrs. Boone lived in their own home or in the home of Mr. and Mrs. Lamp. Some times they would remain in the Lamp home for three or four days and on other occasions for a week or more. In January 1934, they spent twenty-seven days in the Lamp home. A part of

the time Mr. Boone would bring the laundry work to the claimant's home and at other times claimant would do the laundry work in the Boone home. The supplies and services furnished were such as were necessary whether the Boones were in their home or in the Lamp home. No record of the services or the exact amount of wood, vegetables, fruits, laundry work and housekeeping was kept by claimant during the eight years. Claimant further states that she is unable to set out more specifically the various times that the decedent Cyrus Boone and his wife stayed and lived with her and her family or the exact amount of groceries, wood, laundry work, nursing care and other items of merchandise and services furnished by the claimant and her husband to said decedent and his wife, because such services and supplies were furnished to and accepted by the decedent Boone and his wife during a long and continuous period of time and that no record thereof was kept by her during the eight years.

■■■ The motion for a more specific statement burdened claimant with unwarranted and unnecessary exactions, compliance of which were either most difficult or impossible, and required her to plead her evidence. The requirements were not necessary to enable appellee to understand the nature of the claim or to properly plead or prepare his case, and would encumber the record with unnecessary details.

The main province of a motion to make a pleading more definite and certain is not to require the pleader to plead his evidence but is to compel him to state his cause clearly and completely so that the nature of the claim is apparent.

Referring to the requirement that appellant give the reasonable value of the items that constitute the services and supplies, for example, the requirement that appellant set out the particular items of vegetables furnished, the dates when furnished, and the reasonable value thereof, appellant's cause of action is on the contract with Mr. Boone to furnish board, room, supplies and care for Mrs. Boone and she alleges the reasonable value thereof is $12,000. She is not bringing suit for any particular service rendered or item of supplies furnished. The reasonable value of all the services and supplies furnished under the contract is the issue. The reasonable value of any such item would be only evidence of the amount claimant can recover under the contract, and would vary materially during

the eight years. We should not penalize claimant to the extent of denying her a trial on the merits simply because she failed to give the reasonable value of the items. It was impossible for her to do so because she kept no records of the items.

Appellant states that she is unable to state more specifically the exact periods of time when she furnished board and room to Cyrus Boone and his wife and give the date of the commencement and termination of each period for the reason that the Boones would stay at her home at frequent intervals of different periods of time during the period of the contract and she kept no records thereof.

Claimant states that she is unable to give the dates when each item of wood, groceries, fruits, vegetables, etc. were furnished or the amount thereof during the eight year period because of the long continuous period of the contract during which time she made no record thereof. While the order sustaining the motion for a more specific statement cannot be questioned we may consider the requirements of the motion in determining whether or not claimant merits the severe penalty that she received. This is not a case where a litigant ignores or makes no attempt to comply with an order of the court. The nature of the services and supplies for which appellant asks compensation are clearly stated in the original claim. In her amendment she sets out the arrangement between the parties giving the approximate total time the Boones lived in the Lamp home but states they were there at frequent and indefinite intervals. She frankly states that she is unable to comply with the exactions and gives the reasons therefor.

■■■ If it is not reasonably possible to comply with an order to make a pleading more definite the party against whom the motion is directed is excused from compliance. For the purpose of this appeal we must assume the claimant performed her part of the contract as alleged. To uphold the dismissal of her claim would under the facts appearing in the claim as amended, fix a standard of exactness that would bar the doors of the courts to many honest creditors.

The appellant in her amendment explained to the court why it was not possible to fully comply with the order. Under all the facts and circumstances found in the pleadings we conclude that this contention is made in good faith by appellant and

that it was not reasonably possible for her to comply with the order.

The record does not disclose such a disobedience of the order that would justify the dismissal of the claim.

The motion for a more specific statement was directed at count one. For this reason we do not consider paragraphs fourteen and fifteen in the motion which moved the court to make count two more specific in certain particulars.

The district court also sustained the motion to strike amended and substituted count three because it was a repetition of counts one and two.

Count three alleges that the contract was made in December 1932, and that Mr. Boone agreed to make a will leaving all of his property to Mr. and Mrs. Lamp in consideration of past services and supplies to be furnished in the future.

Count two alleged that the contract was made in May 1926, and that Mr. Boone agreed to convey all of his property to the Lamps in consideration of the services and supplies.

The causes of action alleged in counts two and three are not necessarily identical and are different causes of action than alleged in count one, and the striking of count three was error.

The rulings and order of the court made on November 2, 1935, striking the amendment and the claim and striking the amended and substituted count three and dismissing Mrs. Lamp's claim are reversed.—Reversed.

PARSONS, C. J., and DONEGAN, HAMILTON, KINTZINGER, RICHARDS, MITCHELL, and ALBERT, JJ., concur.