**Vernus WUNSCHEL, Appellant,**

v.

**Edna G. HOEFER, Appellee.**

No. 2–57487.

Supreme Court of Iowa.

May 19, 1976.

Warren L. Bush, of Wunschel Law Firm, P. C., Carroll, for appellant.

Allen Nepper, of Raun, Franck, Mundt & Nepper, Denison, for appellee.

Submitted to MOORE, C. J., and Le-GRAND, UHLENHOPP, REYNOLDSON and McCORMICK, JJ.

McCORMICK, Justice.

This case was dismissed because of plaintiff's alleged failure to comply with an order sustaining a motion for more specific statement. We reverse and remand.

Plaintiff Vernus Wunschel alleged in his petition filed May 3, 1974, that he held a written easement for a sewer line through property of defendant Edna G. Hoefer in Crawford County dated February 23, 1960, and that the line was only to serve a telephone building on his property. He further alleged:

"5. That thereafter, at a time unknown to this Plaintiff, Defendant caused and constructed a sewer line, including a tile, to serve certain buildings, owned by Defendant, including a laundromat and grocery store and connected said sewer line on Plaintiff's sewer line, which traverses Defendant's property.

"6. That said construction was done secretly and without Plaintiff's knowledge or opportunity to seek a prior in-

junction, and without Plaintiff's permission."

He alleged that defendant's unauthorized connection caused his line to back up, damaging his sewer line and building. He asked for actual and exemplary damages.

Defendant filed a motion to strike and, alternatively, a motion for specific statement. The motion for specific statement included the following request relating to paragraph five of the petition:

"Let the Plaintiff set forth at least the month and year that the Defendant is supposed to have caused and constructed the sewer line as alleged in paragraph 5 of the Plaintiff's petition."

Plaintiff resisted the motions. In resisting the motion for more specific statement, he alleged the matters sought were subject to discovery and were not requisites of pleading. The trial court overruled the motion to strike but sustained the motion for more specific statement.

In purported compliance with the portion of the ruling requiring a more specific statement of paragraph five of the petition, plaintiff filed an amendment substituting the following new paragraph five:

"5. That thereafter, at a time unknown to this Plaintiff, *but sometime after February 23, 1960, and prior to commencement of this action*, Defendant caused and constructed a sewer line, including a tile, to serve certain buildings owned by the Defendant including a laundromat and a grocery store, and connected said sewer line on Plaintiff's sewer line, which traverse's Defendant's property." (Italics added).

The italicized language was added to the prior language of paragraph five in an attempt to comply with the order. Defendant then filed a motion to dismiss on the ground of plaintiff's alleged failure to comply with the trial court's order for more specific statement. In resisting the motion to dismiss, plaintiff alleged he was not a resident of the community, did not observe the unauthorized sewer connection, and was not notified when it was made. He said he had a statement from a witness who said

the connection was made about two and one-half years before April 1974. Plaintiff also said, "The only way the exact date could be determined is through discovery procedures."

The trial court sustained defendant's motion to dismiss and that ruling is challenged in this appeal.

■ General principles applicable to our review are discussed in *Lamp v. Williams*, 222 Iowa 298, 268 N.W. 543 (1936). Although that case antedated the adoption of the rules of civil procedure, the principles discussed in it retain their validity. When a party attempts to comply with an order for more specific statement, error in the order is waived. However, when a motion to dismiss is predicated on the insufficiency of attempted compliance with such an order, the question is whether a good faith effort at substantial compliance was made. If it is not reasonably possible to comply with the order, the party is excused from compliance.

■ The controlling principle is accurately summarized in headnote 3 to the *Lamp* case in the Iowa Reports:

"A plaintiff who is ordered to make his petition more specific in certain particulars which he is actually or reasonably unable to state, and so demonstrates in a good faith effort to comply with the order, must be deemed to have complied with the order, and must not be disciplined by a dismissal of his action." 222 Iowa at 298, 268 N.W.2d at 543.

We believe this is such a case.

■ In attempting to comply with the order for more specific statement, plaintiff made his petition as specific as reasonably possible. He said he did not know exactly when defendant made the wrongful connection because he was not present when it was done, was not notified when it was done, and learned it was done only when it damaged his property. The times of such damages were specified in the petition. It is not necessary for a plaintiff to possess all the evidence in support of his claim at the time he files his petition. *Carter v. Jerni-*

*gan*, 227 N.W.2d 131, 135 (Iowa 1975). Although plaintiff had the statement of a witness estimating the approximate time of defendant's alleged wrongful act, it was reasonable for plaintiff to prefer to obtain the exact time through discovery of defendant. We hold plaintiff made a good faith effort to comply substantially with the order for more specific statement, he was reasonably unable to be more specific, and the trial court abused its discretion in sustaining the motion to dismiss.

In so holding we point out as the court did in *Lamp v. Williams*, supra, 222 Iowa at 303, 268 N.W. at 545, that the order for more specific statement imposed an unwarranted and unnecessary burden on plaintiff, not only requiring him to plead evidence contrary to the purpose of a motion for specific statement but requiring him to plead evidence he did not possess.

■ We emphasize that rule 112, Rules of Civil Procedure, provides, "A party may move for a more specific statement of any matter not pleaded with sufficient definiteness to enable him to plead to it and for no other purpose." A motion for more specific statement is not a substitute for discovery. *Hagenson v. United Telephone Company*, 164 N.W.2d 853, 857–858 (Iowa 1969). Nor is it a means to compel a plaintiff to lay the groundwork for a defendant's motion to dismiss. *Goldstein v. Brandmeyer*, 243 Iowa 679, 683, 53 N.W.2d 268, 271 (1952).

■ An order sustaining a motion for more specific statement should be entered only if the movant shows the pleading to which the motion is addressed is so indefinite he is unable to respond to it. In the present case, defendant's ability to respond to plaintiff's petition did not depend on having the date of the alleged wrong set out in the petition. If defendant did the act alleged, she would know when she did it. If she did not do it, her ability to deny it would not require her to know when plaintiff claimed she did it. She could obviously plead to the allegation without a more specific statement.

It was an abuse of trial court discretion to dismiss plaintiff's petition upon plaintiff's failure to do something which was not reasonably possible for him to do and which he should not have been required to do.

REVERSED AND REMANDED.