EVERETT MOLESWORTH, Appellant, v. J. N. BAUMEL, Warden, Appellee.

**HABEAS CORPUS: Appeal—Method of Trial.** Principle reaffirmed that the appellate court will not hear an appeal in habeas corpus proceedings *de novo.*

*Appeal from Jones District Court.*—ATHERTON B. CLARK, Judge.

DECEMBER 11, 1924.

THE plaintiff sued out a writ of habeas corpus, to secure his release from the department for the criminal insane at the men's reformatory. Upon a hearing, the writ was dismissed, and plaintiff remanded. From this judgment he appeals.—*Affirmed.*

*George C. Lawrence,* for appellant.

*Ben J. Gibson,* Attorney-general, *Maxwell A. O'Brien,* Assistant Attorney-general, *T. A. Michels,* County Attorney, *George F. Morrison,* and *C. J. Cash,* for appellee.

VERMILION, J.—The appellant, the petitioner in the court below, was indicted in Washington County in November, 1921, for the crime of arson. The question of his then sanity was raised, and the court proceeded, under Chapter 44, Title XXV, of the Code of 1897 (Chapter 648, Code of 1924), to determine

the question. A trial was had to a jury, and a verdict returned that the appellant was then insane; whereupon he was by the court committed to the department for the criminal insane at the men's reformatory until he became sane. In October, 1923, appellant sued out a writ of habeas corpus under the authority of Section 2306 of the Code of 1897 (Section 3577, Code of 1924), alleging his illegal restraint by the appellee, the warden of the reformatory; that he was then sane, and no longer subject to restraint. Upon a hearing, the court remanded appellant into custody.

The only question raised upon the trial, and the only one argued by appellant in this court, is one of fact, as to the mental condition of the appellant at that time. The appellant, having been adjudged to be insane, and being under restraint for that reason, and as a consequence of that adjudication, and seeking his release on the ground that he was restored to sanity, had the burden of so establishing. *Mileham v. Montagne,* 148 Iowa 476; *Weber v. Chicago, R. I. & P. R. Co.,* 175 Iowa 358.

In such a proceeding as this, the finding of the trial court has the force and effect of the verdict of a jury, and will not be interfered with if there is evidence to support it. *Adams v. Stewart,* 197 Iowa 490, and cases there cited.

We shall not undertake to recite the testimony at length. The appellant was sworn as a witness. His testimony, as set out in the printed record, appears to be coherent and rational, although there is considerable vagueness of recollection as to the circumstances connected with the crimes with which he was charged, and occurrences of the former trial. This fact, however, was recognized and taken into account by the alienists who had at various times examined him and had observed his conduct at the last trial, and who pronounced him still insane.

Several attendants and guards at the reformatory, while testifying that they saw nothing to indicate that appellant was insane, appear to have noticed no change in his mental condition during their acquaintance with him. Two of them had known him throughout his confinement there, and the others for eight months or more. Appellant's mother was the only witness who testified that his mental condition had improved since the first trial. One physician, who had examined appellant

a week before the hearing on the writ, and had observed him during that trial, said that he was sane. Another, who had examined him at the time of the first trial, and observed him and heard his testimony on the last one, testified that in his opinion he was insane. Dr. Stewart, the superintendent of the state hospital for the insane at Independence, and Dr. Mackin, holding a like position in the hospital at Mt. Pleasant, had examined the appellant, under direction of the state board of control, in January, 1922, and June, 1923, and again examined him at the time of the last trial. They both testified that he was insane, and, if discharged, would be likely to indulge in the same crime with which he was charged, or others.

The statute under which appellant was committed required that, if it was found that he was insane, and that his discharge would endanger the public peace or safety, the court must order him committed until he became sane. It is quite apparent that no such case is presented by the record as to require us to reverse the finding of the trial court that the present sanity of appellant was not established.

The judgment is—*Affirmed.*

ARTHUR, C. J., and EVANS and STEVENS, JJ., concur.