MARGARET HAZEN, Appellant, v. GEORGE DONAHOE, Appellee.

No. 39677.

JUNE 24, 1929.

*W. A. Dutton*, for appellant.

*R. G. Rodman*, County Attorney, and *Strong & Seff*, for appellee.

WAGNER, J.—The defendant is the superintendent of the hospital for the insane at Cherokee, and the plaintiff has been an inmate of said institution since on or about the 25th day of July, 1928, she having been ordered committed to said asylum by the commissioners of insanity of Woodbury County, the place of her

residence. On September 26, 1928, plaintiff filed in the office of the clerk of the district court of Cherokee County, Iowa, her petition, asking for a writ of habeas corpus, therein stating that she is wrongfully restrained of her liberty by the defendant at the Cherokee state hospital; that her restraint is illegal, because she "is not now insane, and was not insane at the time of her commitment." On October 28, 1928, there was issued a writ of habeas corpus, which the defendant complied with; and he filed his answer, alleging his official position in connection with said hospital, and that the plaintiff is being restrained by him in said hospital under a warrant of commitment issued by the commissioners of insanity of Woodbury County, and attaching a copy thereof to, and making the same a part of, his answer. The hearing was had in the district court of Cherokee County, and at the close of the testimony, the court entered judgment finding that the commitment of the plaintiff was warranted, and that, although the plaintiff may now be entitled to a parole from the hospital, as provided by statute, under proper supervision and restriction, yet the mental condition of the plaintiff remains such, and retains sufficient of the conditions existing at the time of the commitment, that she is not entitled to a discharge or to a release, under the writ prayed for in the action; that the question of the parole of the plaintiff from the hospital is not under the jurisdiction of the court. The relief asked by the plaintiff was denied. From this action by the trial court, the plaintiff has appealed.

The plaintiff alleged in the petition, and here claims, that she was not insane at the time of her commitment, and is not now insane. No appeal, as provided by our statutory law, Section 3560 of the Code of 1927, was taken by the plaintiff or by anyone for her, as her next friend, from the action of the commissioners of insanity of Woodbury County finding her to be insane. It is provided by Section 3552 of the Code that:

"If the commission finds from the evidence that said person is insane and a fit subject for custody and treatment in the state hospital, it shall order his commitment to the hospital in the district in which the county is situated."

It is provided by the following section, Section 3553 of the Code, that, unless an appeal is taken, the commission shall forthwith issue its warrant of commitment. It thus appears that the

commissioners of insanity of Woodbury County performed their duty, as required by the statutory law. It is provided by Section 3577 of the Code that a person confined as insane shall be entitled to the benefit of the writ of habeas corpus, and the question of insanity shall be decided at the hearing. The sole question properly confronting the court at the time of the trial was, What is the plaintiff's mental condition now? Since the plaintiff was legally declared by the commissioners of insanity of Woodbury County to be insane at the time of the commitment in July, 1928, there is a presumption of the continuance of said mental condition, which is sufficient to establish *prima facie* that she was insane at the time of the hearing of the habeas corpus proceeding, and the burden was upon the plaintiff to show a recovery of sanity, by competent and sufficient evidence. 29 Corpus Juris 105, 106; 22 Corpus Juris 86, 87; *Weber v. Chicago, R. I. & P. R. Co.,* 175 Iowa 358, 360; *In re Will of Knox,* 123 Iowa 24; *Tiffany v. Tiffany,* 84 Iowa 122. In the case last above cited, this court declared:

"The adjudication by the commissioners of insanity at least raises a presumption of the defendant's insanity."

In the *Knox* case, supra, we declared:

"But insanity having been once established, it will be presumed to continue until the contrary is shown, and the burden is then cast upon him who asserts a return to sanity."

In 29 Corpus Juris 106, the thought is aptly expressed as follows:

"But the presumption of a continuance of a state of facts once found to exist, establishes, *prima facie,* the present insanity of one formerly found to be insane, and casts the burden of proof upon the petitioner to show a recovery of sanity by competent and sufficient evidence, in default of which the writ [writ of habeas corpus] will be dismissed, and the petitioner remanded."

It is therefore manifest that the burden is upon the plaintiff to establish a restoration to sanity. She had been legally found to be insane, and a fit subject for custody and treatment in the hospital for the insane. The burden is upon her to show that the condition of insanity did not exist at the time of the hearing of

the habeas corpus proceeding. To set out the evidence *in extenso* would serve no useful purpose. The plaintiff is 88 years of age, and the condition of senility is apparent. A guardian was appointed for her, some four or five years prior to the trial of the instant case. As shown by the medical testimony, she is afflicted with psychosis and paranoia. It must be conceded that there are different degrees or stages of insanity; and while the evidence fails to show that she is a raving maniac, it does disclose that she is mentally deranged to a considerable extent. We have read the record with care, and the plaintiff has failed in the burden of proof which is cast upon her to establish that she has regained sanity. It is apparent from the record that she "is insane and a fit subject for custody and treatment in the state hospital," which is the standard fixed by our statutory law, Section 3552 of the Code, for commitment to and retention in the hospital for the insane.

The evidence fails to disclose anything which tends to show fraud or oppression on the part of those responsible for her commitment.

If her condition be, or shall become, such as to warrant the granting of a parole or discharge, under Section 3500 of the Code, that is a matter resting with the superintendent of the hospital and the board of control. Should it come to pass that the conditions mentioned in Section 3505 of the Code should prevail, then the matter will also rest with the officers therein mentioned.

After a careful consideration of the record, we have arrived at the conclusion that the plaintiff has failed in the burden of proof which the law places upon her; and the judgment of the trial court is hereby affirmed, and the writ discharged.—*Affirmed and writ discharged.*

ALBERT, C. J., and EVANS, STEVENS, and GRIMM, JJ., concur.

KINDIG, J., not participating.