CITY OF DES MOINES, Appellee, v. WALTER B. BARNES, Appellant.

No. 46747.

DECEMBER 11, 1945.

Walter F. Maley and F. G. Ryan, both of Des Moines, for appellant.

F. T. Van Liew, B. J. Flick, Paul Hewitt, and Harvey Bogenrief, all of Des Moines, for appellee.

WENNERSTRUM, J.—The City of Des Moines was the defendant in a prior action brought by Cornelius Ahern, who recovered damages for injuries received as the result of a fall on a sidewalk on which ice had formed. A judgment was entered against the city and on appeal to this court the trial court was affirmed. Ahern v. City of Des Moines, 234 Iowa 113, 12 N. W. 2d 296. The City of Des Moines then brought the present action against Walter B. Barnes, the owner of the building on which there was a downspout that had deposited water on an adjacent sidewalk, causing a forming of ice. The city claimed the defendant Barnes was primarily liable for the condition that resulted in the injuries to Ahern. In the present action various pleadings were filed by the plaintiff and defendant and after rulings thereon a judgment was entered against the defendant. He has appealed.

The record in the present action discloses the following facts: Subsequent to the bringing of the case of Ahern v. City of Des Moines a notice to appear and defend in that action was served on Walter B. Barnes by the city. Section 6735, also section 6567, 1939 Code of Iowa. This notice stated that Ahern had been injured when he slipped on ice formed from water which had collected on the roof of the Barnes building and which was carried by means of a downspout and deposited on the adjacent walk. The notice further provided that in the event the city was found liable in the action brought by Ahern it would be because of the negligence of Barnes in permitting the water to flow from the downspout onto the walk; that the City of Des Moines claimed indemnity for all sums which it might be compelled to pay to Ahern by reason of the conditions existing at the time of his injuries; that in default of Barnes' defending in said action the city would defend and would thereafter hold him responsible and would enforce payment for any judg-

ment obtained against it by reason of the claimed accident and the action then pending. It is further shown that at the time the case of Ahern v. City of Des Moines was called for trial counsel representing Walter B. Barnes appeared in court and inquired as to his status in the case and whether or not his presence was required. A discussion was had among the attorneys representing Barnes, the city, and Ahern, and the court. It is shown that counsel for Ahern and the city expressed themselves to the court that the counsel representing Barnes should take no part in the case. It is further shown that there were no pleadings filed on behalf of Walter B. Barnes in the Ahern case. It is also disclosed that upon the previously referred-to statements being made to the court counsel for Barnes left the courtroom and took no further action in connection with the trial of that case. As a result of the trial of the Ahern case a judgment was entered against the city.

The present action was commenced on April 14, 1944, when a petition was filed claiming recovery of Walter B. Barnes of the amount of the judgment the city had been required to pay in the action brought by Ahern against it. Thereafter the following pleadings were filed and proceedings had: On May 12, 1944, counsel for Barnes entered his appearance in the action brought by the city; October 20, 1944, the city, appellee in the present action, filed a motion for summary judgment; October 24, 1944, an answer was filed on behalf of the appellant, Barnes; November 2, 1944, the appellee city filed a motion to strike the answer filed on October 24, 1944; November 24, 1944, a resistance was filed on behalf of the appellant, Barnes, to the motion for summary judgment and the motion to strike the appellant's answer and the attached affidavit. The motion to strike the appellant Barnes' answer was sustained on November 25, 1944, and on November 30, 1944, Barnes filed an amendment to the resistance to the motion for summary judgment and the motion to strike certain affidavits. On December 4, 1944, the appellee city's motion for summary judgment was overruled and thereafter, on December 7, 1944, Barnes filed an answer. December 11, 1944, the city filed a motion to strike the answer

filed December 7, 1944, and for default, and on January 4, 1945, this last-referred-to motion was sustained. On January 10, 1945, proof was presented as to the amount of the damages sustained by the city and on January 23, 1945, judgment was entered against the appellant, Barnes, for the amount of $1,080.50, with interest from January 3, 1944. On February 1, 1945, appellant, Barnes, filed a motion to set aside the default and judgment, which motion was overruled on February 3, 1945.

The appellant claims that the trial court committed error in sustaining appellee's motion to strike appellant's answer filed October 24, 1944, and asserts that by the filing of appellee's motion for summary judgment all of appellee's rights to default were waived. The applicable portions of Rule 85, Iowa Rules of Civil Procedure, which relate to time to move or plead, are as follows:

"(b) Pleading. Answer to a petition must be filed within five days after the appearance date, unless a motion is then on file, in which event answer must be filed within seven days after such motion is so disposed of as to require answer."

"(f) Extending Time. For good cause, but not ex parte, the court may extend the time to amend, answer or reply for not more than thirty days beyond the times above specified. Except on written stipulation of all parties, it shall have no power to extend any such time further, or to extend at all the time for filing any motion."

It might be here stated that the second sentence of subdivision (f) of Rule 85 has been amended so as to now read, "For good cause but not ex parte, and upon such terms as the court prescribes, the court may grant a party the right to file a motion, answer or reply where the time to file same has expired." (Report of the Supreme Court of Iowa on Rules of Civil Procedure to the Fifty-first General Assembly of Iowa, Acts of the Fifty-first General Assembly, 338, 339, effective July 4, 1945; chapter 311, Acts of the Forty-ninth General Assembly.) However, it should be kept in mind that this amendment was not in effect at the time of the rulings made in the present action. There were other amendments to

this Rule made at the same time but a discussion of them is not here necessary.

It is the claim of the appellee city, and the holding of the trial court, that, under the provisions of Rule 85 in force at the time of the proceeding before us for review, a failure to timely answer as provided in said Rule precludes the appellant from later filing an answer. We are not disposed to put such a strict construction upon the Rule as then in force. It is our thought that the circumstances disclosed by the record show that the appellee gave tacit approval to the appellant's delay in filing an answer and that under such a situation it constituted a waiver of the right to a default and judgment.

We are conscious of the fact that the Rule then in force provided that, ''Except on written stipulation of all parties, it [the court] shall have no power to extend any such time further * * * .'' It is now contended that except on written stipulation, the court did not have power to extend the time to file an answer beyond thirty days. However, it should be kept in mind that under the record in this case the court did not grant an extension of time to file an answer but the appellee acquiesced in the delay in filing the answer. It is shown by the record that the answer of the appellant was filed on October 24, 1944, which was prior to any motion for default. It is true that appellee filed its motion for summary judgment on October 20, 1944, but this fact did not in and of itself preclude the appellant from filing an answer and this motion was later overruled. If the appellant was at fault in not filing a timely answer the appellee was in no position to take advantage of the delay after the answer was filed. It is our conclusion that the filing of a motion for summary judgment (Rules 237, 238, Iowa Rules of Civil Procedure) does not constitute a motion for default. Under the record and circumstances as presented, it is our conclusion that the trial court was in error in sustaining the motion to strike appellant's answer filed on October 24, 1944, and to thereafter enter default and judgment after sustaining a motion to strike a subsequently filed answer.

The following statement found in 31 Am. Jur. 127, sec-

tion 510, is applicable to the situation that is presented in this case:

"Failure by a party entitled to a default judgment to move for such judgment promptly upon accrual of the default, or at least an unreasonable delay in doing so, is ordinarily held to constitute a waiver of the right to such judgment, but there are cases in which it is held that a mere delay does not constitute a waiver. In any event, if a party, after the expiration of the time expressly granted for the filing of a pleading against him, suffers further time to elapse without taking any action with respect thereto, and in the meantime the pleading is served and filed, a judgment by default may not be entered for failure to file the pleading."

See, also, 34 C. J. 162, 163, section 374, note 67; note Ann. Cas. 1915C, 738, 739; annotation 124 A. L. R. 155, 156; Davis v. Brady & Co., 1 (Morris) Iowa 101 (137).

We therefore remand the case to the district court with instructions to set aside the judgment entered after the striking of the several pleadings filed by the appellant, to reinstate the original answer as filed, and to proceed in a manner that will bring the issues before the trial court for final determination.—Reversed and remanded.

All JUSTICES concur.