BERNARD GOLDSTEIN et ux., appellants, v. JOSEPH BRANDMEYER et al., appellees.

No. 48036.

(Reported in 53 N.W.2d 268)

MAY 6, 1952.

Wayne C. Andresen and Edward N. Wehr, both of Davenport, for appellants.

Hall & McCarthy, of Davenport, for appellee Joseph Brandmeyer.

SMITH, J.—Plaintiffs (husband and wife) seek treble damage under the Federal Housing and Rent Act of 1947 (50 U. S. C. A., Appendix, section 1895) claiming they were charged $262.50 when the duly established maximum rent was only $85. They allege the payment was for rent as defined under 50 U. S. C. A., Appendix, section 1892(e) and a violation of the Act.

Only defendant Brandmeyer appeared. He filed motion for more specific statement containing sixteen paragraphs of which the trial court sustained eleven. Plaintiffs amended their petition to comply with a part of the ruling but as to the rest they stood on their pleading and appealed under Rule 331, Iowa Rules Civil Procedure, without any formal final judgment being entered against them. We are concerned only with those parts of the ruling with which plaintiffs refused to comply.

██ I. The trial court ordered plaintiffs to state whether the rental contract was oral or written and if the latter that they set out a copy. Plaintiffs amended, stating the agreement was "partially parol and partially in writing." They refused however to set out a copy because the written contract was not the "basis of the action."

Rule 91, Iowa Rules Civil Procedure, provides: "Every pleading referring to a contract must state whether it is written or oral. *If the contract is the basis of the action or defense, it must be set forth in full.*" (Italics supplied.)

Plaintiffs' contention must be sustained. This is in no sense an action on the rental agreement. Nickelsen v. Morehead, 238 Iowa 970, 971, 29 N.W.2d 195. Rule 91 did not change the former statutory rule. See Simmermaker v. International Harvester Co., 230 Iowa 845, 849, 298 N.W. 911; Iowa Pharmaceutical Assn. v. May's Drug Stores, 229 Iowa 554, 561, 294 N.W. 756, for statement of the former practice.

Defendant does not meet plaintiffs' argument at this point. He suggests: First, that in passing on a motion of this kind "doubts are resolved in favor of the movant for the reason that prejudice is very unlikely to result"; second, a petition must contain a sufficient statement of "ultimate facts" to enable defendant to prepare for trial; and third, penal statutes such as this Act are strictly construed with nothing left to inference.

None of these suggestions is pertinent. There were no "doubts" here to be resolved or question of pleading "ultimate facts" to enable defendant to prepare for trial. Since the contract was not the foundation of the action its exact terms were evidentiary, not ultimate. Nor does the fact that the Federal Housing and Rent Act is penal require any departure from the ordinary rules of pleading. The cited authorities are not in point.

II. Plaintiffs alleged they rented the premises "from said defendants" and that defendant Brandmeyer "did demand, receive and accept" the rental "either for his own benefit or the benefit of Carl Zoller and Margaret Zoller, *the owner of the aforementioned premises* [italics supplied] or for the benefit of all of them."

Defendant's motion and the trial court's ruling on it would require plaintiffs to state: Who owned the premises; which of defendants rented them to plaintiffs; whether plaintiffs dealt with the Zollers directly or through an agent; whether they dealt with defendant Brandmeyer as principal or as agent of the Zollers; whether they paid the rent money to Brandmeyer or to the Zollers; and whether they paid it to Zollers as owners or in some other capacity, or to Brandmeyer as agent or for his own benefit.

Plaintiffs had already pleaded in effect that they had rented from *all* the defendants, that the Zollers owned the premises and

that Brandmeyer collected the money. The purpose of the involved motion and the ruling sustaining it is stated by the trial court to enable defendant Brandmeyer "to move for a dismissal upon the theory that the provisions of the Housing Act do not apply to an agent."

One gets the impression there were no serious factual or evidentiary problems involved. There may have been some obscure strategic or tactical reason back of the procedural jockeying. But a detached appellate court fails to see what real difference it made which party alleged the facts proposed to be urged by defendant Brandmeyer as a defense. Plaintiffs could have alleged he was agent for his codefendants (if they knew the fact) or defendant could have pleaded it as a defense without any sacrifice of position except the burden of proving it if plaintiffs failed to admit it. Or the facts could have all been brought out at a pre-trial conference.

However, the procedural problem is put up to us and we find no difficulty in its solution. The petition was sufficiently definite to enable defendant to "plead to it." Rule 112, Iowa R. C. P. We know no present nor past rule of pleading to compel a plaintiff to lay the groundwork for a defendant's desired motion to dismiss. As was pointed out in Day v. Power (219 Iowa 138, 141, 257 N.W. 187) where an analogous situation arose: "If it is defensive matter, it should be pleaded by defendants. If it is matter essential to recovery, the petition is fatally defective, and defendants' remedy is not a motion for more specific statement, but is to assail the sufficiency of the pleading. Sullivan v. Gaul, 198 Iowa 630, 200 N.W. 12; Barnes v. Century Savings Bank, 149 Iowa 367, 128 N.W. 541; 49 C. J. 739."

In 71 C. J. S., Pleading, section 481, pages 993, 995, it is said: "A pleading will not be ordered to be made more definite and certain or specific * * * merely in order to allow the moving party to demur to the pleading as revised." We think the authorities support the text as stated in both 49 C. J. 739 and C. J. S., supra.

III. Defendant argues the trial court's ruling was merely interlocutory and appealable only on permission first obtained as provided by rule 332, R. C. P. Rule 86 provides: "If a party is required or permitted to plead further by an order or ruling"

certain notice is required to be given the attorneys of record and the fixing of the time of such further pleading is provided for. The rule then proceeds: "and if such party fails to do so [i.e. plead further] within such time, he thereby elects to stand on the record theretofore made. On such election, the ruling shall be deemed a final adjudication *in the trial court* without further judgment or order; reserving only such issues, if any, which remain undisposed of by such ruling and election." (Italics ours.)

The question early arose as to whether the words "final adjudication in the trial court" as used in rule 86 meant the same as "final judgment and decision" in rule 331 which provided for appeals from *"all* final judgments and decisions." To clarify this situation in 1945 rule 331 was amended and there was added to the words just above-quoted the further words "and any final adjudication in the trial court under rule 86 *involving the merits or materially affecting the final decision."* (Italics supplied.)

The adding of these words made reasonably clear that all "final adjudications in the trial court" (referred to in rule 86) were not intended to be appealable, but only those "involving the merits or materially affecting the result."

Rule 86 does not relate to appellate but only to trial procedure. When it provides "on such election, the ruling shall be deemed a final adjudication in the trial court" that means the particular point or question is settled so far as the *trial court* is concerned. It cannot be again raised there although the case remains open for the trial of any issues "which remain undisposed of by such ruling and election."

If the ruling be one to strike certain allegations of a pleading leaving other allegations to be tried, clearly the "final adjudication" does not dispose of the entire case in the trial court and the ruling is therefore interlocutory.

But if on the other hand the ruling be one (as here) *requiring* the pleader to state or set out something more specifically, surely his refusal or failure to comply must result not only in a final adjudication against him on the point involved "without further judgment or order" but must create a situation precluding any further proceeding on his part—a final adjudication not merely "involving the merits or materially affecting the final

decision" but actually constituting a final decision just as if actually entered.

It comes clearly within the meaning of the amended rule 331 and not within rule 332, which has been amended to make unnecessary any application for leave to appeal "where the appeal is, pursuant to rule 331, from a final adjudication in the trial court under rule 86."

Here plaintiffs expressly by amendment to their petition elected "to refuse to comply." They are in the exact legal position they would have been in had the trial court thereupon dismissed their action. Were they to fail on this appeal there could be no further proceedings in the trial court. The merits of their claim would in legal effect be adjudged against them.

But as we have already indicated we think the trial court erred in requiring plaintiffs to plead what was defensive matter under defendant's theory. There is nothing to prevent him from pleading such facts as he thinks constitute a defense and obtaining ruling thereon.—Reversed.

All JUSTICES concur.