MARJORIE ZELLMER, appellant, v. KARL A. CATLIN, appellee.

No. 50577.

MAY 8, 1962.

Holliday, Miller & Stewart, by Joseph B. Joyce, Des Moines, for appellant.

Evan Hultman, Attorney General, and John M. Creger, Assistant Attorney General, for appellee.

HAYS, J.—Proceedings for a writ of habeas corpus under section 229.37, Code, 1958, seeking the release of plaintiff from State Hospital for the mentally ill at Clarinda, Iowa. After trial to the court the writ was annulled and plaintiff appeals.

The case involves two questions: (1) Procedure and (2) factual, which two propositions embrace the twenty-three errors assigned.

I. Error is assigned for denying plaintiff's motion for a default.

The record shows the application for a writ was filed June 19, 1961, and on same date writ was issued returnable on June

28, 1961. Written notice was likewise given the County Attorney on the 19th. On June 29, 1961, the trial commenced. Plaintiff filed a motion for default due to failure of the defendant, Superintendent of the Mental Health Institute at Clarinda, Iowa, to file an answer as required by the Rules of Civil Procedure.

Defendant was present in court and had with him the plaintiff. The County Attorney did not appear and defendant stated he did not desire counsel. Over objection the trial court permitted him to dictate his answer into the record, stating plaintiff would be given additional time to reply thereto if it was desired. Plaintiff's counsel stated he would consent to give the doctor time to file a written answer as is required by Rules of Civil Procedure. An answer was dictated which sufficiently presented the issue of mental capacity of plaintiff and her suitability for release from the Mental Health Institute, where she had been a legally committed patient since May 1951. Plaintiff stated she was ready for trial and proceeded to offer testimony.

It is now asserted the court erred in overruling motion for default and cites rule 87, R. C. P., as the basis therefor. This rule provides: "An appearance without motion or pleading shall have the effect only of submitting to the jurisdiction. The court shall have no power to treat such appearance as sufficient to delay or prevent a default or any other order which would be made in absence thereof, or of timely pleading." However, section 663.27 provides that in habeas corpus actions "the defendant must appear at the proper time and answer the petition, but no verification shall be required to the answer." It would seem that if there be a conflict between rule 87 and section 663.27, section 663.27, being a special rule on habeas corpus, controls over rule 87, which is a general rule.

██ ██ Under section 663.27, no one is in default for failure to answer prior to time set to appear for trial. While ordinarily a written answer would have been previously prepared and would be filed on appearance for trial, there is nothing in the statute specifically requiring a written answer. We find no error in allowing the answer to be dictated into the record as was done here, especially in the absence of a showing of prejudice.

■ The trial court held plaintiff had waived any right to a default by consenting that additional time to file written answer be given defendant if desired. Assuming rule 87 applicable, we think there is support for such ruling in City of Des Moines v. Barnes, 237 Iowa 6, 20 N.W.2d 895.

II. Error is assigned to the court's finding that the plaintiff had not recovered her mentality sufficiently to warrant her release from the Institute.

■ In this type of action where it appears there has been a legal commitment to a health institute, the burden rests upon the applicant to show sanity and overcome the presumption of continued insanity. Hazen v. Donahoe, 208 Iowa 582, 226 N.W. 33. Also, under section 229.37 the findings of the trial court are binding if the evidence supports them, Molesworth v. Baumel, 198 Iowa 1293, 201 N.W. 41, it being the specific duty of the court, under such statute, to decide the question of insanity at the hearing.

■ We see no purpose to be gained in going into a detailed statement of the facts. The plaintiff offered no medical testimony upon the question of sanity. She offered a statement by a woman who had seen her twice to the effect that she acted like any other person. She also offered the testimony of one Clark W. Lanphere who while an inmate at the Institute, as an alcoholic, became acquainted with her and who assisted her in several escapes from the Institute, that she was sane. Dr. Karl A. Catlin, defendant, testified she was suffering from psychosis with syphilitic meningo encephalitis and general paresis, and was incapable because of her condition to take her part in a free society. There is ample evidence to sustain the trial court's decision and such is binding upon this court.

■ III. One other assigned error perhaps deserves a brief mention—that is in the taxation of the costs to Clark W. Lanphere. The trial court found and the record amply supports it that Lanphere was the instigating force behind the entire proceedings. To quote the court:

"Counsel for plaintiff was interviewed and employed by Clark W. Lanphere and this suit is solely and wholly at his instance and if it were not for his interference and meddling in

1084

the private affairs of plaintiff and her family, this action would not have been instituted and his action and conduct both legal and illegal have brought about this hearing."

Section 663.44, Code, 1958, appears to be the basis for taxation of costs to Clark W. Lanphere, he clearly being the person who filed the petition for her release. Furthermore, he is not here objecting, as an individual, to such taxation.—Affirmed.

All JUSTICES concur except MOORE, J., who takes no part.