GERALD O. ANDERSON et al., appellees, v. NATIONAL BY-PRODUCTS, INC., appellant.

No. 51640.

(Reported in 135 N.W.2d 602)

JUNE 8, 1965.

922

Jones, Cambridge, Carl & Howard, of Atlantic, for appellant.

White, White & McMartin, of Harlan, for appellees.

PETERSON, J.—This is an appeal by defendant granted by us pursuant to rule 332, R. C. P., from interlocutory order refusing to dismiss plaintiffs' petition under rule 215.1, and to strike, because of delay in filing, an amended petition. We affirm the order appealed from.

I. Plaintiffs' action was commenced April 17, 1963. The case not having been tried, the clerk of the district court gave notice to counsel of record that it would be for trial and subject to dismissal if not tried in the next succeeding term pursuant to rule 215.1, R. C. P. The rule provides in part: "All such cases shall be assigned and tried or dismissed without prejudice at plaintiff's costs unless satisfactory reasons for want of prosecution or grounds for continuance be shown by application and ruling thereon after notice and not ex parte." The dismissal term commenced September 14, 1964.

Plaintiffs filed their motion for continuance during the September term and asked the court to fix a time and place for hearing on the motion and provide the manner of notifying defendant's attorneys, who live in another county, of such hearing. By order signed October 22, filed October 23, during the September term, the court set the motion for hearing on October 27 and provided at least two days' notice by mail to defendant's attorneys of such hearing. October 27 was the second day of the October term. On that date the court heard the motion and ruled plaintiffs had shown good cause for continuance of the case over the September term even though the motion for continuance was not heard until the second day of the October term. The court refused to dismiss the case under rule 215.1.

Defendant's appeal thus presents the question whether a motion for continuance filed during the dismissal term which the trial court at that term sets for hearing on the second day of the succeeding term may be sustained at such succeeding term, or is the court compelled to dismiss the case under rule 215.1 because of a failure to grant the continuance during the dismissal term?

This question has not heretofore been presented to nor decided by us. We are of the opinion the court was not compelled to enter its order for continuance at the dismissal term and that since the motion for continuance was filed, ordered set for hearing and notice of the hearing given, all during the dismissal term, the court retained jurisdiction to hear and rule on the motion for continuance on the second day of the succeeding term.

It may be physically impossible for a busy trial judge to hear and finally dispose of all pending matters before the close of a term. It would seem he should, and we think he does, have inherent power to defer hearing and finally disposing of some matters at least until the second day of the immediately succeeding term. We are not disposed to hold under the circumstances shown here that the power of the court to continue the case and to decline to dismiss it under rule 215.1 must be exercised at the dismissal term. We do not think the language of the rule or any previous decision of ours compels such a holding.

The district court schedules for 1964, compiled by the secretary of state and published by the state, of which we take judicial notice, show that both the September and October terms, 1964, in Shelby County, ran concurrently with the September and October terms in another county in the district. Under this schedule the same judge presided over the court in both counties during the same period. This may well account for the court's inability to hear the motion for continuance and rule upon it during the dismissal term. In any event, presumably there was good cause for the court's inability to hear and rule upon plaintiffs' motion for continuance at the September term.

The effect of defendant's argument is that the trial court had no discretion on October 27 to find good cause for continuance over the September term had been shown, and that the mere delay of a few days in hearing and ruling on the motion compelled the court to dismiss the case. It is our view the court still had discretion to decide the question of good cause for such continuance on October 27.

II. The second part of the order from which this appeal was taken is the overruling of defendant's motion to dismiss plaintiffs' amended petition because of delay in filing it.

On December 4, 1963, the trial court ordered plaintiffs to recast their petition for the protection of the rights of plaintiff United States Fidelity & Guaranty Company. Plaintiffs' amended petition was not filed until October 17, 1964. In the meantime, on June 22, 1964, defendant moved to dismiss the action because of delay in filing the recast petition, because it was not filed within seven days. We are told such filing was required by rule 86, R. C. P. After the amended petition was filed defendant moved to strike it upon the same ground.

In their resistance to defendant's motion to dismiss plaintiffs asserted that after the motion was filed their counsel requested and were granted additional time by defendant's counsel to file the amended petition and tentative discussion was had as to possible settlement. We do not understand these assertions were denied.

Rule 86 states, "If a party is required or permitted to plead further by an order or ruling", unless otherwise provided thereby, the pleading shall be filed within seven days after notice of the order or ruling is mailed or delivered "and if such party fails to do so within such time, he thereby elects to stand on the record theretofore made. On such election, the ruling shall be deemed a final adjudication in the trial court without further judgment or order; reserving only such issues, if any, which remain undisposed of by such ruling and election."

We are not persuaded rule 86 required a dismissal of this action or the striking of the amended petition because of the delay in filing it. Defendant's motion to require plaintiffs to recast their petition was based on the fact the original petition contained two divisions, only one of which was maintainable. One division of the original petition asked for judgment in favor of plaintiff Anderson because of personal injuries, and the other division for judgment in favor of plaintiff company, workmen's compensation insurer of Anderson's employer, which had paid medical and hospital bills and compensation by reason of the employee's injuries. The amended petition combined in a single count the claims made in both divisions of the original petition. The ruling on the above motion was apparently deemed neces-

sary by our decision in Price v. King, 255 Iowa 314, 122 N.W.2d 318.

■ " '* * * Rule 86 was designed primarily to render unnecessary the formal entry of final judgment against a party who obviously has decided to stand on his pleadings following a ruling on a motion to dismiss which is adverse to him. Such a party in effect suffers a final adjudication against him. The rule was applied under these circumstances in [citations]. Forte v. Schlick, supra, 248 Iowa 1327, 1330, 85 N.W.2d 549, 551.' " Winneshiek Mutual Insurance Assn. v. Roach, 257 Iowa 354, 359, 360, 132 N.W.2d 436, 440.

We think rule 86 was not designed to apply to the situation we have here, nor did it compel the dismissal of the action because of plaintiffs' delay in recasting their petition. This conclusion finds support in City of Des Moines v. Barnes, 237 Iowa 6, 20 N.W.2d 895; Morf v. Washburn, 250 Iowa 759, 94 N.W.2d 756; Rasmussen v. Rasmussen, 252 Iowa 414, 107 N.W.2d 114; and Zellmer v. Catlin, 253 Iowa 1080, 114 N.W.2d 925; Bombei v. Schafer, 242 Iowa 619, 626, 47 N.W.2d 842.

While the point need not be decided, we are not satisfied that if plaintiffs had not recast their petition to state a single cause of action in favor of both the injured employee and his employer's insurer, the employee's cause of action under Division I of the original petition would not have been for trial. See in this connection Price v. King, supra, 255 Iowa 314, 122 N.W. 2d 318.

The order appealed from is—Affirmed.

All JUSTICES concur except THOMPSON and LARSON, JJ., who dissent.

THOMPSON, J. (dissenting)—I understand how the majority decides this case, but I am in doubt as to why. I know the result, but do not understand the reason.

The majority cites no authority for its decision. So far as I can discover any basis for the ruling made, it is that the court was busy and perhaps did not have time to consider the application for continuance during the term; it had inherent power

926

to continue the application for continuance to the next term; it had discretion to continue the matter to the next term; and "We do not think the language of the rule or any previous decision of ours" compels a holding that the continuance must be made at the dismissal term.

I do not agree that the inherent power of the court, or its discretion, permitted it to abrogate the plain meaning of rule 215.1, R. C. P. As I read the rule, its language is decisive. So far as pertinent, the rule says:

"All cases at law or in equity where the petition has been filed more than one year prior to July 15 of any year shall be for trial at the next term commencing after August 15 of said year. * * *

"All such cases shall be assigned and tried or dismissed without prejudice at plaintiff's costs unless satisfactory reasons for want of prosecution or grounds for continuance be shown by application *and ruling thereon* after notice and not ex parte. * * *

"No continuance under this rule shall be by stipulation of parties alone but must be by order of court." (Italics supplied.)

It is clear beyond dispute that the rule means that all cases to which it refers must be tried or continued at the "next succeeding term" after the notice is given by the clerk. That is the purpose of the rule. But without citation of authority the majority eliminates the words "and ruling thereon" from the rule. It would not be contended that an application for continuance filed at the term following the "try or continue or dismiss" term would be timely, or that the inherent power of the court, or its discretion, would permit it to consider it. But rule 215.1 does not, by its terms, contemplate that it is sufficient to file a motion for continuance during that term, with ruling thereon to be made during a later term. It says "by application and ruling thereon." The plain language of the rule requires that the motion be ruled upon during the "try or continue or dismiss" term. A case in which the motion for continuance is filed during the term, but no ruling is made, is not continued during that term. No continuance is had merely by the filing of a motion therefor; it is made only by the ruling of the court.

Our cases have uniformly proceeded upon the theory that a cause must be dismissed unless it is tried or continued during the next term after the clerk's notice is given. In Talbot v. Talbot, 255 Iowa 337, 341, 122 N.W.2d 456, 459, we said: "Thus it may be said the case, when so noted for trial, is automatically placed in the assignment and, *unless it is tried or continued by proper order of court during that term, it is to be dismissed."* (Italics supplied.) In Windus v. Great Plains Gas, 254 Iowa 114, 123, 116 N.W.2d 410, 415, we held: "Nowhere in the rule does the permissive word 'may' appear, but the mandatory verb 'shall' appears eight times. * * * Only under the conditions specified in the rule is there any authority for its suspension, *and in those cases only where there is a finding made of record."* In Windus v. Great Plains Gas, 255 Iowa 587, 592, 593, 122 N.W.2d 901, 904, we again stressed the words "[unless] satisfactory reasons for want of prosecution or grounds for continuance * * * be shown by application and ruling thereon." In Gammel v. Perry, 256 Iowa 1129, 1133, 130 N.W.2d 550, 552, we stated this rule: "From the second Windus case, supra, * * * and the rule itself, the alternatives are 1, assigned and tried, 2, dismissal without prejudice and 3, continued upon showing of satisfactory reasons for want of prosecution or grounds for continuance by application and ruling thereon after notice and not ex parte." It is true that in the latter case we said that it was only necessary to decision to hold the motion for continuance must be on file prior to the expiration of the next term after August 15.

It is also true that in Gammel and in the other cases from which excerpts are quoted above no motion for continuance had been filed. So it may be thought that our pronouncements therein were merely dicta. I suggest, however, that in each case we were dealing with the meaning of a new rule, and interpreting it for the benefit of the courts and litigants. The expressions must be taken as the considered views of this court, in which all justices concurred. If the statements were dicta they were considered dicta and entitled to much weight. They were not inadvertent expressions made without thought; they were intended as a guide to the legal profession in operating under rule 215.1.

Moreover, they were in exact accord with the language of the rule itself; fairly interpreted, it says plainly there must be a ruling during the "try or continue or dismiss" term.

The holding of the majority is an invasion not only of the letter but of the spirit of the rule. It constitutes a weakening of the purpose for which the rule was enacted; it gives another opportunity for delay in the trial of cases, which the rule was intended to remedy. Now the majority interjects the matter of discretion of the courts in dealing with the rule, a consideration which we have uniformly rejected in previous cases.

Stress is placed upon the late date upon which the motion for continuance was filed, and the fact that the court may have been too busy to hear it before the end of the term. But the burden of securing a continuance, if a case cannot be tried, is placed upon the applicant, by the rule. Surely the fact that the case could not be tried must have been apparent a sufficient time before the end of the term that the motion could have been filed more promptly. And the determination of a motion for continuance is not ordinarily a difficult or time-consuming matter. If we are to consider these extraneous matters, it is also proper to note that the major delay in the case was due to the failure of the plaintiff to file a recast petition in accordance with the court's order, for a period of several months; that this petition was finally filed on October 17, 1964, and the end of the September term in Shelby County was either October 23 or 24; so that it must have been known to the plaintiff for a considerable time that the case could not be tried at that term. The motion for continuance was not filed until October 21, and notice given to the defendant by mail on October 23, one or two days before the close of the term.

I do not agree that these things permit a change in the clear meaning of the rule. I recite them to show that the rule is not as harsh on this point as the majority urges. In any reasonable situation the endangered party will know far enough in advance that a continuance may be necessary so that an application can be filed and notice given well before the end of the term. So it was here. There is no showing, in fact, that the plaintiff asked his motion be heard before the end of the term; so far as the

record shows he acquiesced in the order setting it for the next term. Even in the limited time, if he had requested it, the court might well have given him a hearing before the end of the term. But he delayed his compliance with the order of the court to recast his petition unduly, and until the case could not be tried at the September term; he delayed filing his motion for continuance until almost the end of the term; and he made no protest when his motion was set for hearing at the next term. The rule is plain, and should be followed as written, or amended or repealed by proper procedure, which does not mean by a ruling of this court which ignores clear and unequivocal language.

I would reverse.

LARSON, J., joins in this dissent.