CHARLES LANNING, appellant, v. LAVERNE LANDGRAF et al., appellees.

No. 52139.

June 14, 1966.

Rehearing Denied September 19, 1966.

Robert L. Ulstad, of Fort Dodge, for appellant.

Mack, Mack & Hansen, of Storm Lake, for appellee Malcolm Gustafson; Gibson, Stewart & Garrett, of Des Moines, for appellees John Deere, Inc., John Deere Des Moines Works and Deere & Company; Lund & Lund, of Webster City, for appellee LaVerne Landgraf and Vest & Mather, of Sac City, for appellee Anna Ehlers.

Moore, J.—On November 9, 1963, plaintiff filed his petition in three divisions seeking damages for personal injuries received while working on a farm owned by defendant Anna Ehlers operated as a partnership with defendant LaVerne Landgraf. Plaintiff alleged he was injured when thrown from a farm elevator purchased by Landgraf from defendant Malcolm Gustafson which had been manufactured by John Deere, Inc. Plaintiff filed his first amendment December 12, 1963, correcting the spelling of certain words and Landgraf's name. On January 3, 1964, his second amendment was filed naming Deere & Company an additional defendant.

On November 30, 1963, John Deere, Inc., filed a special appearance which was repeated January 23, 1964, following plaintiff's amendment. On the latter date John Deere Des Moines Works also filed a special appearance and Deere & Company filed a motion to make plaintiff's amended petition more specific.

On January 17, 1964, Gustafson filed a motion to strike and also to make certain parts of plaintiff's petition more specific.

Landgraf and Ehlers having failed to move or plead after entering their appearances, plaintiff on January 7, 1964, filed a motion for default and judgment against each of them. Landgraf on January 30, 1964, filed a motion for more specific statement. Mrs. Ehlers filed nothing until May 15, 1964, when she answered plaintiff's petition as amended.

Notwithstanding the provisions of rule 117, Rules of Civil Procedure, which require a motion day at least every 30 days, these special appearances and various motions apparently received no attention by the court until at plaintiff's request they were considered on May 15, 1964. Judge Stillman then made this order: "Special appearance of John Deere Des Moines Works is sustained. Plaintiff excepts. Special appearance of John Deere, Inc. is sustained. Plaintiff excepts. Plaintiff's motion for judgment against the defendants LaVerne Landgraf and Anna Ehlers is overruled. The Court on its own motion orders plaintiff to recast his pleadings herein into a single concise document as against the remaining defendants. For that reason the Court at this time gives no consideration to the pending motions of defendants for more specific statement."

Rule 81, Rules of Civil Procedure, provides: "Correcting or recasting pleadings. On its own motion or that of any party, the court may order any prolix, confused or multiple pleading, to be recast in a concise single document within such time as the order may fix. In like manner, it may order any pleading not complying with these rules to be corrected on such terms as it may impose."

Judge Stillman did not fix time for filing a recast petition as clearly contemplated by rule 81. Plaintiff's attorney asserts he was not advised of the order to recast and that earlier one defendant had offered a substantial settlement. Defendants' attorneys claim plaintiff's counsel was present when the ruling was made. Whatever the reason may have been, the recast petition was not filed until August 6, 1964.

Ehlers filed her answer to plaintiff's recast petition August 18, 1964. Deere & Company on September 2, 1964, attacked plaintiff's new petition with motions to strike and for more specific statement. Gustafson's motion to strike and for more

specific statement was filed October 16, 1964. Landgraf filed such motions on November 4, 1964.

Thus it appears all parties acquiesced in late filing of pleadings and motions. Inactivity prevailed until July 16, 1965, when the District Court Clerk mailed notice to all parties under rule 215.1. The motions attacking the recast petition had been given no attention by the attorneys or the trial court.

On August 31, 1965, plaintiff filed a certificate of readiness and application to avoid dismissal for want of prosecution under rule 215.1. Defendants Deere, Gustafson and Landgraf immediately thereafter filed motions to strike plaintiff's certificate and application.

At the request of plaintiff's counsel the trial court, Judge Hand, set the pending motions for hearing on September 20, 1965. On that date Judge Hand filed the following ruling:·

"This action was commenced on November 9, 1963, by the filing of a petition by the plaintiff against various defendants. Motions were filed by the various defendants, and on May 15, 1964, Judge G. W. Stillman * * * sustained a special appearance of John Deere Des Moines Works, and * * * ordered the plaintiff to recast his pleadings upon the Court's own motion.

"Under Rule 86 where a Court orders pleadings recast, it must be done within 7 days after the mailing and delivery of such notice, and in the present case the Court has been informed that this notice, even though it was not given, is not required because the plaintiff's attorney was present in Court at the time of such ruling.

"On August 6, 1964, which is some months after the date of the Order, the plaintiff did file his amendment, but the Court finds now that such amendment is purely a repetition of the petition as originally filed. To this amendment various motions have been filed, and now on August 31, 1965, the plaintiff filed what is headed: 'Application to Avoid Dismissal for Want ·of Prosecution', which the Court has read, and which facts set out therein state that there is a certificate of readiness for trial, but this is not correct as the case is not at issue.

"Therefore, the Court upon its own Motion is dismissing the petition of the plaintiff for failure to abide by the Ruling of the

Court on May 15, 1964, in that said pleadings were not recast within 7 days, and therefore the plaintiff had elected to stand on the record heretofore made. This dismissal, however, is not as to the defendant Anna Ehlers who has already filed answer.

"IT IS THEREFORE ORDERED that the amendment to the petition as filed is hereby dismissed as to the defendants LaVerne Landgraf, Malcolm Gustafson, and John Deere & Company."

Plaintiff's motion to vacate this order was resisted by Deere, Gustafson and Landgraf and denied by the court on October 15. Plaintiff has appealed from Judge Hand's order of September 20.

The primary question presented is whether the May 15th order to recast plaintiff's petition made under rule 81 became a final adjudication under rule 86 at the expiration of seven days thereafter.

I. While the precise effect of rule 86 may not be entirely clear we are satisfied the trial court (Judge Hand) erred in dismissing plaintiff's petition as recast.

We have repeatedly said rule 86 was designed primarily to render unnecessary the formal entry of final judgment against a party who obviously has decided to stand on his pleadings following a ruling on a motion to dismiss which is adverse to him. Such a party in effect suffers a final adjudication against him. Forte v. Schlick, 248 Iowa 1327, 1330, 85 N.W.2d 549, 551; Winneshiek Mutual Insurance Assn. v. Roach, 257 Iowa 354, 359, 360, 132 N.W.2d 436, 440; Anderson v. National By-Products, Inc., 257 Iowa 921, 925, 135 N.W.2d 602, 604.

We have not decided the exact question presented here although we have indicated a late filing following an order to recast is not an obvious election to stand on a pleading and to suffer a final adjudication against the party so ordered.

In Davis v. Mater, 248 Iowa 1, 79 N.W.2d 400, the court ordered plaintiff to recast her petition, "to avoid multiple pleading and the statement of inconsistent matters; and to state her cause of action in a more concise manner" as authorized by rule 81. Plaintiff filed her recast petition four days after the expiration of the 30 days recited in the order. Because of such failure the trial court dismissed the petition and rendered judgment

against plaintiff. We reviewed the order to recast and held it erroneous. At page 7, 248 Iowa, page 403, 79 N.W.2d, we say: "The order requiring the recasting of the petition, the subsequent order dismissing both petitions and the judgment against plaintiff were erroneous and require that the judgment be reversed." We think this negatives a claim a late filing after an order to recast amounts to an obvious standing on the original petition.

In Morf v. Washburn, 250 Iowa 759, 94 N.W.2d 756, defendant asserted plaintiffs' failure to amend within seven days after a motion for more specific statement was sustained constituted final adjudication. We held the trial court has wide discretion in connection with the question of the filing of pleadings and affirmed judgment for plaintiffs. We there distinguished the case from Goldstein v. Brandmeyer, 243 Iowa 679, 53 N.W.2d 268, which we discuss infra.

In Anderson v. National By-Products, Inc., 257 Iowa 921, 135 N.W.2d 602, plaintiffs did not file a recast petition, which had been ordered on December 4, 1963, until October 17, 1964. Defendant then moved to dismiss plaintiffs' recast petition, citing rule 86. After quoting from Forte v. Schlick, and Winneshiek Mutual Insurance Assn. v. Roach, both supra, at page 925, 257 Iowa, page 604, 135 N.W.2d, we say: "We think rule 86 was not designed to apply to the situation we have here, nor did it compel the dismissal of the action because of plaintiffs' delay in recasting their petition. This conclusion finds support in City of Des Moines v. Barnes, 237 Iowa 6, 20 N.W.2d 895; Morf v. Washburn, 250 Iowa 759, 94 N.W.2d 756; Rasmussen v. Rasmussen, 252 Iowa 414, 107 N.W.2d 114; and Zellmer v. Catlin, 253 Iowa 1080, 114 N.W.2d 925; Bombei v. Schafer, 242 Iowa 619, 626, 47 N.W.2d 842."

Appellees rely heavily on Goldstein v Brandmeyer, supra, 243 Iowa 679, 53 N.W.2d 268, but we believe it is readily distinguishable on the facts. There the trial court sustained eleven paragraphs of defendant's motion for more specific statement containing sixteen paragraphs. Plaintiffs then amended to comply with a part of the ruling but as to the rest refused to comply and stood on their pleading. Plaintiffs then appealed. Defendant

asserted the ruling was not final and therefore not appealable. We held the trial court's ruling on the motion for more specific statement was erroneous and reversed. In considering rule 86 we said at page 685, 243 Iowa, page 272, 53 N.W.2d: "Here plaintiffs expressly by amendment to their petition elected 'to refuse to comply.' They are in the exact legal position they would have been in had the trial court thereupon dismissed their action. Were they to fail on this appeal there could be no further proceedings in the trial court. The merits of their claim would in legal effect be adjudged against them."

That ruling is based on a declared refusal to comply with the trial court's order and an announced election to stand on the original pleading. We have no such facts in the case at bar. The facts here do not disclose an obvious decision by plaintiff to stand on his original petition as amended.

■ II. Defendants might well have moved for default and judgment after the seven days had expired following the May 15th order and before plaintiff filed his recast petition. Rule 230, Rules of Civil Procedure, provides: "A party shall be in default whenever he * * * (b) fails to move or plead further as required in rule 86, unless judgment has already resulted under rule 87; or * * * (d) fails to comply with any order of court or do any act which permits entry of default against him, under any rule or statute."

Defendants, however, apparently acquiesced in the delay and after the recast petition was filed were in no position to take advantage thereof. City of Des Moines v. Barnes, 237 Iowa 6, 10, 20 N.W.2d 895, 897; Bombei v. Schafer, 242 Iowa 619, 626, 47 N.W.2d 842, 846; Rasmussen v. Rasmussen, 252 Iowa 414, 422, 107 N.W.2d 114, 119; 30A Am. Jur., Judgments, section 203.

■ In 49 C. J. S., Judgment, section 203 at page 361 states: "The entry of default is a privilege which is waived by proceeding with the cause without taking advantage of the default."

■ Judge Stillman's order only directs plaintiff to make his petition more concise. It does not rule the petition fails to state a cause of action. Defendants have not so contended here or in the trial court. The provisions of rule 86 were not asserted

by any defendant in the motions attacking the recast petition. Assuming arguendo plaintiff elected to stand on his original petition, no final adjudication of the cause could result.

The order dismissing plaintiff's recast petition as against defendants LaVerne Landgraf, Malcolm Gustafson and Deere & Company was erroneous. This case is remanded to the district court with instructions to set aside said order and any judgment thereon, to reinstate plaintiff's petition as recast and to proceed in a manner that will bring the case to issue and trial.—Reversed and remanded.

All JUSTICES concur.