**Don THEIS, Appellee,**

v.

**Donald R. JAMES, Appellant.**

**No. 54391.**

Supreme Court of Iowa.

March 11, 1971.

Reynoldson & Reynoldson, Osceola, for appellant.

Hoffman, Hoffman & Stewart, Leon, and Johnston & Miles, Corydon, for appellee.

BECKER, Justice.

This is an action at law on a check given by the defendant and payable to plaintiff. The check was dated June of 1969 for the sum of $4680. The consideration as stated on the face of the check was 78 calves of a specified age and condition. The check was returned to the plaintiff marked "insufficient funds". Default was entered and the court refused to set the default judgment aside. Defendant appeals. We reverse and remand.

Plaintiff filed his petition on July 31, 1968. On August 27, 1969 defendant, a resident of Illinois and an attorney licensed to practice in Iowa, filed his appearance pro se and motion for further time to move or plead. Time was extended to September 12, 1969. Various other motions and rulings consumed another three weeks. On September 30, 1969 plaintiff amended his petition to ask for a writ of attachment since defendant was a nonresi-

dent. On October 7, 1969 (last day to move or plead) Judge Thomas Bown received a telephone call from defendant in Bloomington, Illinois. The judge advised defendant that if a motion or pleading was placed in the mail the same day a default would not be entered. Plaintiff's attorney was advised of this call and consented to the terms agreed on. No motion or pleading was placed in the mail by defendant on October 7, 1969. Defendant's explanation of this failure is that he felt it would take two days for the mail to get from his home in Bloomington, Illinois to the Wayne County courthouse. He planned to use the two days to determine whether to move or plead, drive to the courthouse on the third day and personally file the motion or pleading. He followed this plan. When he arrived the clerk's office was closed because the clerk was out of town. He then mailed the motion for cost bond from Corydon.

On October 14, 1969 plaintiff filed a combined motion to strike defendant's motion and for default which defendant resisted. On December 24 the court sustained the motion to strike and entered default. Judgment was entered December 26, 1969. Defendant filed motion to set aside the default asserting among other grounds that defendant had timely filed his cost bond and plaintiff was not in a position to demand a default. Defendant also asserted "lack of consideration, fraud and mutual mistake" as defenses. Basically he claims the cattle were not as represented and issued a stop order on the check. Motion to set aside the default judgment was denied.

Defendant seeks reversal on two grounds, (1) the court abused its discretion in refusing to set aside the default and, (2) the court had no power to enter a default when there was an undisposed of motion on file. We find the latter ground to be dispositive of the appeal and do not consider the claim of abuse of discretion.

Where undisposed of motions are on file an order of the trial court finding defend-

ant to be in default is erroneous and must be set aside. Pedersen v. Thorn, 258 Iowa 250, 253, 137 N.W.2d 588 (1965); City of Des Moines v. Barnes, 237 Iowa 6, 20 N. W.2d 895 (1945); Bombei v. Schafer, 242 Iowa 619, 626, 47 N.W.2d 842 (1951).

Plaintiff distinguishes the above cases on the grounds the decisions find a waiver of right to default by long delay before demand for default was made.....We..cannot agree. All of the Iowa cases we have examined have disapproved entry of default while an undisposed of motion is on file. This case is different in that the motion was disposed of before default was entered. Thus a second question is raised. Can the court dispose of an undisposed of motion and enter default without allowing the usual seven days to move or plead over?

We have recognized the trial court's discretion to strike a motion or pleading because it was filed too late. Brown v. Schmitz, 237 Iowa 418, 22 N.W.2d 340 (1946); In re Cheney's Estate, 223 Iowa 1076, 1079, 274 N.W. 5. We continue to recognize the trial court's discretion but it does not follow a default may be entered immediately. In the cited cases and all other Iowa cases examined which involve the power of the court to strike a motion or pleading, the action of the court striking a motion or pleading left justiciable issues to be determined. Under such circumstances refusal to allow repleading is within the trial court's discretion. Otherwise the power to strike untimely motions and pleadings would be meaningless.

Where the action taken leaves a party with no papers on file and judicially recognized, the party must be afforded seven days (or less if specifically ordered by the court under rule 85(e)) to move or plead as required by rules 85 and 86, Rules of Civil Procedure. If no pleading is filed within the seven days a motion for default would then be good under rule 230(b), R. C.P. Lanning v. Landgraf, 259 Iowa 397, 403, 143 N.W.2d 644 (1966).

Any other view would nullify Pedersen v. Thorn and City of Des Moines v. Barnes, both supra, which prohibit defaults while a pending motion is on file. Had a default been entered after October 7, 1969 and before the motion for cost bond was filed it would have been good. The filing of motion for cost bond before entry of default prevented such action. The trial court could not accomplish the result indirectly by striking the pleading as untimely filed and entering the default on the same day.

In Newell v. Tweed, 241 Iowa 90, 95, 40 N.W.2d 20, 23 (1949) we said: " * * * Courts look with favor upon trials and the rights of a litigant should not be denied proper hearing by strict application of legal formalities. * * *." This disposition to favor trial on the merits has not changed. Hannan v. Bowles Watch Band Company, 180 N.W.2d 221 (Iowa 1970). The motion to set aside the default judgment should have been granted and defendant should have been given time in accordance with R.C.P. 85 to move or plead. The case is returned to the trial court for further proceedings consistent with this opinion.

Reversed and remanded.

All Justices concur, except LARSON, J., who takes no part.