Bradley R. JOHNSON, Appellant,

v.

GIB'S WESTERN KITCHEN, INC., d/b/a The Other Place; Gerald R. Gibson; and Rod Kessler, Appellees.

No. 69097.

Supreme Court of Iowa.

Oct. 19, 1983.

Lyle A. Rodenburg, Council Bluffs, for appellant.

Sheldon M. Gallner and Timothy Scherle of Gallner & Gallner, Council Bluffs, for appellee Kessler.

Considered by REYNOLDSON, C.J., and McCORMICK, McGIVERIN, CARTER and WOLLE, JJ.

McGIVERIN, Justice.

Plaintiff Bradley R. Johnson claims the trial court erred in not entering a default judgment against defendant Rod Kessler, who failed to answer plaintiff's petition un-til after trial had begun. We conclude that the court did not abuse its discretion in overruling plaintiff's motion for a default judgment made during trial at the close of plaintiff's case. Accordingly, we affirm.

Plaintiff's lawsuit was the result of a barroom brawl which occurred in The Other Place lounge in Council Bluffs. Defendant Kessler, a bouncer employed by The Other Place, and others were alleged to have assaulted the plaintiff.

On October 27, 1980, plaintiff filed a petition seeking damages against defendants Gib's Western Kitchen, Inc., d/b/a The Other Place; its corporate president, Gerald Gibson; and Kessler. Kessler filed an appearance through an attorney but he did not file an answer prior to trial. The other defendants filed timely answers, denying the material allegations of the petition, and participated in pretrial discovery.

On June 8, 1982, prior to the selection of the jury, Kessler's attorney sought permission from the court not to be present during trial; Kessler would rely on the defense provided by the other defendants. The court granted counsel's request and Kessler appeared personally, but without counsel, during the trial.

At the close of plaintiff's case, defense counsel moved for a directed verdict for all defendants, including Kessler. Plaintiff then orally moved for a default judgment against Kessler since he had failed to file an answer. No motion or demand for default against Kessler had been previously made by plaintiff. The court overruled plaintiff's motion, finding that Kessler had acted in good faith and that "the dereliction is that of his counsel or former counsel, Mr. Gallner." The court concluded that "it would be eminently unfair to default Mr. Kessler, who has now indicated to the court that he wishes to deny any of the allegations against him which might lead to the entry of an adverse finding." Prior to the close of trial, Kessler filed an answer denying his liability and the allegations of plaintiff's petition directed against him.

Defendant Gibson was directed out at the close of plaintiff's case. The jury awarded a verdict in favor of plaintiff against defendant Gib's Western Kitchen, Inc., but found against plaintiff in favor of Kessler.

Plaintiff appealed from the judgment in favor of Kessler contending that Iowa R.Civ.P. 230–32 required the trial court to enter a default judgment, absent a showing by defendant of oversight, mistake or inadvertence causing his failure to answer. Plaintiff attempts to impose the burden of proof for setting aside a default judgment, Iowa R.Civ.P. 236, onto the defendant seeking to avoid a default judgment under rule 230. Plaintiff is mistaken.

Despite the language of rules 230–32 that might be read to require the entry of a default under certain conditions, our cases interpreting those rules have not made such entry mandatory. We have consistently held that the question of allowing a default is largely within the discretion of the trial court. *Avery v. Peterson,* 243 N.W.2d 630, 631–32 (Iowa 1976) (no trial court error in denying default: answer of county board of supervisors and auditor, filed after plaintiff's motion for default, was substantially the same as the timely answer filed by other defendants); *Severson v. Sueppel,* 260 Iowa 1169, 1177, 152 N.W.2d 281, 286 (1967). The policy of the law is to allow trial of actions on their merits. *Id.*

In the present case, plaintiff did not move for default judgment until after the close of his evidence at trial. The answer ultimately filed by Kessler was, in fact, substantially the same as the timely answer filed by the other defendants.

We have also held that proceeding with a case without taking timely advantage of the default also constitutes a waiver of the right to a default. *Lanning v. Landgraf,* 259 Iowa 397, 403, 143 N.W.2d 644, 647 (1966); *City of Des Moines v. Barnes,* 237 Iowa 6, 11, 20 N.W.2d 895, 897 (1945). "[B]y the overwhelming weight of authority, the plaintiff's act in going to trial on the merits will constitute a waiver of the right to have a judgment for default entered ...." Annot., 124 A.L.R. 155, 160 (1940).

Our prior cases have not required a trial court, when refusing to grant a default, to find oversight, mistake, inadvertence, or other rule 236 conditions, to exist and cause defendant's failure to answer timely. We do not impose that requirement here.

We hold that the trial court did not abuse its discretion in refusing to grant plaintiff a default judgment. The judgment for defendant Kessler is affirmed.

AFFIRMED.